**Lougenia BURTON, Plaintiff—Appellant,**

v.

**NEW UNITED MOTOR MANUFACTURING, Defendant—Appellee.**

No. 03–16287.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 17, 2005.[*]

Decided April 1, 2005.

---

4. We review de novo a district court's grant of summary judgment. *Buono v. Norton,* 371 F.3d 543, 545 (9th Cir.2004).

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Emmanuel Enyinwa, Esq., Emeziem & Ogbu, APC, Oakland, CA, Kelechi C. Emeziem, Emeziem & Ogbu, LLP, Emeryville, CA, for Plaintiff–Appellant.

Nick C. Geannacopulos, Esq., Jonathan D. Martin, Esq., Seyfarth Shaw, San Francisco, CA, for Defendant–Appellee.

Before: THOMAS, PAEZ, and CALLAHAN, Circuit Judges.

## MEMORANDUM **

Appellant Lougenia Burton sued appellee New United Motor Manufacturing ("United") in federal district court seeking damages for alleged discrimination based on sex and sexual harassment under Title VII (42 U.S.C. § 2000e et seq.) and the California Fair Employment and Housing Act (Cal. Govt.Code § 12940 et seq.) ("FEHA"), and for common law emotional distress.[1] United filed a motion for summary judgment on the grounds, *inter alia,* that Burton's employment claims were barred for failure to exhaust her administrative remedies, and that her emotional distress claims were time-barred. The district court denied Burton's motion requesting additional discovery pursuant to Federal Rule of Civil Procedure 56(f), and granted summary judgment in favor of United. We affirm.

The district court's grant of summary judgment is reviewed de novo. *Buono v. Norton,* 371 F.3d 543, 545 (9th Cir.2004). Under Title VII, an administrative com-

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Because the parties are familiar with the underlying facts, we will not recount them here.

plaint must be filed with the federal Equal Employment Opportunity Commission ("EEOC") within 300 days of the alleged unlawful employment practice. 42 U.S.C. § 2000e–5(e)(1). FEHA requires a complaint to be filed with the California Department of Fair Employment and Housing ("DFEH") within one year of the alleged unlawful practice. Cal. Gov't.Code § 12960(d). The timely filing of an administrative complaint is a prerequisite to bringing a civil action for damages under both FEHA and Title VII. *Id.; see also Delaware State College v. Ricks,* 449 U.S. 250, 256, 101 S.Ct. 498, 66 L.Ed.2d 431 (1980). The statute of limitations period for claims based on emotional distress in California is one year. *Magpali v. Farmers Groups, Inc.,* 48 Cal.App.4th 471, 485, 55 Cal.Rptr.2d 225 (1996).

■ Burton alleges that the last incident of discrimination occurred on September 12, 2000. The record reflects that Burton simultaneously filed her administrative complaint with the DFEH and EEOC on September 24, 2001, and that she filed her civil complaint on January 23, 2002. Burton's employment discrimination claims are barred because she failed to exhaust her administrative remedies under FEHA and Title VII. Her emotional distress claims are barred by the applicable one-year statute of limitations. Burton offered no factual basis for granting equitable tolling. Accordingly, the district court properly granted summary judgment in favor of United.

■ The district court's decision whether to permit additional discovery pursuant to Federal Rule of Civil Procedure 56(f) is reviewed for an abuse of discretion. *Burlington Northern Santa Fe R.R. Co. v. Assiniboine & Sioux Tribes,* 323 F.3d 767, 773 (9th Cir.2003). There can be no abuse of discretion where the movant has failed to show how additional discovery would have precluded summary judgment. *Mal-*

*jack Prods., Inc. v. GoodTimes Home Video Corp.,* 81 F.3d 881, 888 (9th Cir.1996).

Burton has made no showing that the additional discovery she requested pursuant to Federal Rule of Civil Procedure 56(f) would create a triable issue on the exhaustion or statute of limitations questions. Therefore, the district court did not abuse its discretion in denying Burton's motion under Rule 56(f).

Finally, the district court did not deny Burton due process. The record reflects that Burton filed a timely opposition to United's motion for summary judgment on April 30, 2003. Rather than opposing summary judgment on substantive grounds, the opposition requested leave to conduct additional discovery under Federal Rule of Civil Procedure 56(f). The district court denied the request at a hearing on June 10, 2003. Burton cites no legal authority holding that denial of a Rule 56(f) motion under these circumstances can result in a due process violation.

AFFIRMED.